FILED

1    KELLEY DRYE & WARREN LLP
     Keri E. Borders (STATE BAR NO. 194015)
2    10100 Santa Monica Boulevard, Twenty-Third Floor
     Los Angeles, California 90067-4008
3    Telephone: (310) 712-6100
     Facsimile: (310) 712-6199
4    kborders@kelleydrye.com

5    KELLEY DRYE & WARREN LLP
     Michael C. Lynch (*Pro Hac Vice* Pending)
6    101 Park Avenue
     New York, New York 10038
7    Telephone: (212) 808-7800
     Facsimile: (212) 808-7897
8    mlynch@kelleydrye.com

9    Attorneys for Defendants Take-Two
     Interactive Software, Inc. and Rockstar
10   Games, Inc.

**CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE**

BY:_____

11

12             **UNITED STATES DISTRICT COURT**

13    **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

14          **ED CV 13 - 02032**   SPx

15    BRUCE MCMAHON, on behalf of    CASE NO.   **02032 VAP**
     himself; CHRISTOPHER
16   BENGSTSON, on behalf of himself;
     and all others similarly situated,      **DEFENDANTS TAKE-TWO**
17                                 **INTERACTIVE SOFTWARE, INC.**
              Plaintiffs,               **AND ROCKSTAR GAMES, INC.'S**
18                                 **NOTICE OF REMOVAL**
19            v.

20    TAKE-TWO INTERACTIVE
     SOFTWARE, INC. AND TAKE-TWO
     INTERACTIVE SOFTWARE INC.,
21   DBA "ROCKSTAR"; and DOES 1
     through 100, inclusive,
22
              Defendants.
23

24

25

26

27

28

1   Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendants Take-Two

2  Interactive Software, Inc. and Rockstar Games, Inc. (erroneously sued as Take –

3  Two Interactive Software Inc., DBA "Rockstar") (collectively, "Defendants")

4  removes this action from the Superior Court of the State of California for the County

5  of Riverside (the "Riverside County Superior Court"), on the following grounds:

6  **<u>Defendants' Compliance with the Procedural Requirements for Removal</u>**

7   1. Defendants are the only two named defendants in the action styled

8  *Bruce McMahon, on behalf of himself; Christopher Bengston, on behalf of himself;*

9  *and all others similarly situated v. Take-Two Interactive Software, Inc. and Take-*

10  *Two Interactive Software Inc., DBA "Rockstar", and Does 1 through 100, inclusive,*

11  which is pending as Case No. 1311350 in the Riverside County Superior Court (the

12  "State Court Action").

13   2. The Complaint in the State Court Action (the "Complaint") was filed

14  on October 4, 2013.

15   3. The Complaint was served on Defendants on or about October 7, 2013.

16   4. In accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a),

17  Defendants are filing this Notice of Removal within thirty (30) days of service of the

18  Complaint.

19   5. In accordance with 28 U.S.C. § 1446(a), Defendants attach copies of all

20  process, pleadings, and orders served on it in the State Court Action as Exhibit A.

21   6. Promptly after filing this Notice of Removal, Defendants will give

22  written notice of the removal to Plaintiffs through their attorneys of record in the

23  State Court Action, as well as to the Clerk of the Court in the State Court action, as

24  required by 28 U.S.C. § 1446(d).

25   7. This case properly may be removed to this United States District Court

26  pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1453.  The Riverside County Superior

27  Court is located within the jurisdiction of the United States District Court for the

28  Central District of California, Eastern Division.

1      8.      As set forth more fully below, removal is proper under 28 U.S.C. §§

2  1332(d) and 1453 because this case is (a) a class action (b) in which the Plaintiffs

3  and the putative class members are citizens of a state different from Defendants and

4  (c) the Plaintiffs allegations indicate that the matter in controversy exceeds

5  $5,000,000. [1]

## Citizenship of the Parties

7      9.      According to the Complaints, Plaintiffs Bruce McMahon and

8  Christopher Bengtson (collectively, "Plaintiffs") are California citizens.  (Compl. ¶¶

9  13-14.)

10      10.      The Complaint seeks relief on behalf of a putative class of California

11  residents, in that it defines the putative class as "All persons who purchased the

12  GTA V ("Grand Theft Auto V") videogame in the State of California."  (Compl. ¶

13  41.)

14      11.      Defendant Take-Two Interactive Software, Inc. is a Delaware

15  corporation with its principal place of business in the State of New York.  (Compl. ¶

16  11.)  Take-Two Interactive Software, Inc. owns numerous subsidiary companies,

17  including Rockstar Games, Inc.

18      12.      Defendant Take-Two Interactive Software Inc., DBA "Rockstar" does

19  not exist.  (Compl. ¶ 11.)  To the extent Plaintiffs intended to sue Rockstar Games,

20  Inc., it is a Delaware Corporation with a principal place of business in the state of

21  New York.

22      13.      Pursuant to 28 U.S.C. § 1441(a), the "citizenship of defendants sued

23  under fictitious names shall be disregarded."

24  _____

25  [1] The Complaint at ¶ 55 seeks a refund for class members.  The purchase price for

26  the regular edition of Grand Theft Auto V is $59.99 and, on information and belief,
   at least 85,000 full price copies of Grand Theft Auto V have been sold in California.

27  Thus, the requested refund exceeds $5,000,000.

28

14.    Thus, there is complete diversity of citizenship between the named Plaintiffs and the members of the putative class (California), on the one hand, and the named Defendants (Delaware and New York), on the other hand.

### Removal Pursuant to 28 U.S.C. §§ 1332(d) and 1453

15.    Pursuant to 28 U.S.C. § 1332(d) and 1453, a "class action" may be removed where "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). For purposes of satisfying the $5,000,000 jurisdictional requirement, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

16.    The State Court Action is a "class action" in which Plaintiffs are citizens of a state (California) different than the Defendants (Delaware and New York). *See* 28 U.S.C. § 1332(d)(1)-(2).

17.    According to the Complaint, the amount in controversy exceeds $5,000,000. The Complaint alleges that Plaintiff and other members of the putative class were induced to spend $59.99 for a copy of the video game Grand Theft Auto V that they would not otherwise have purchased had they known that a free game feature, GTA Online, would not be available until October 1, up to two weeks after Plaintiffs purchased Grand Theft Auto V. (Compl. ¶¶ 10-12.) Specifically, Plaintiffs seek "a refund" of "monies" that Plaintiffs and Class members "paid for the defective and inactive videogame." (Compl. ¶ 55.) Plaintiffs also seek "a refund" of "monies" that Plaintiffs and Class members "paid for the defective and inactive 'on-line' play of the videogame." (Compl. ¶ 63.) Based on these allegations, Plaintiff alleges claims (1) under Cal. Bus. and Prof. Code § 17500 and (2) under Cal. Bus. and Prof. Code § 17200. (Compl. ¶¶ 50-63.)

18.    Defendants dispute Plaintiffs' characterization of the requested relief and denies Plaintiffs' allegations and claims. Without prejudice to Defendants' defenses in this action, Defendants have sold at least 85,000 separate copies of

3

1  Grand Theft Auto V in California at a retail price of $59.99.  Accordingly, since
2  Plaintiffs seek a "refund" of a "$59.99" purchase price paid by "[a]ll persons who
3  purchased the GTA V videogame in the State of California" then the amount in
4  controversy exceeds $5,000,000.

5       19.   Accordingly, because the State Court Action is a putative class action
6  between citizens of different states and involves in excess of $5,000,000, removal is
7  proper pursuant to 28 U.S.C. § 1332(d) and 1453.

8       WHEREFORE, Defendants hereby remove the State Court Action filed by
9  Plaintiffs Bruce McMahon and Christopher Bengtson from the Riverside County
10  Superior Court to this Court.

11  DATED: November 6, 2013        KELLEY DRYE & WARREN LLP
12                           Keri E. Borders

13
14                           By _____
15                               Keri E. Borders
                         Attorneys for Defendants Take-Two
16                           Interactive Software, Inc. and Rockstar
17                           Games, Inc.

18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT  A**

Rex Sofonio, Esq. (SBN: 190671)
rex@sofoniolaw.com
SOFONIO & ASSOCIATES APLC
2030 Main Street, Suite 1300
Irvine, CA 92618
TEL:   (949) 260-9191
FAX:   (949) 260-9192

James R. Hawkins, Esq. (SBN 192925)
james@jameshawkinsaplc.com
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiffs, BRUCE McMAHON;
CHRISTOPHER BENGTSON, and all others similarly situated

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 0 4 2013

R. Alessandro

CAM
OCT 0 4 2013
R

# SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## COUNTY OF RIVERSIDE

| | |
|---|---|
| BRUCE McMAHON, on behalf of himself; CHRISTOPHER BENGTSON, on behalf of himself; and all others similarly situated, | Case No. **RIC 1311350** |
| Plaintiffs, | ASSIGNED FOR INITIAL PURPOSES TO JUDGE:<br>DEPT: |
| vs. | **CLASS ACTION COMPLAINT** |
| TAKE-TWO INTERACTIVE SOFTWARE, INC; TAKE-TWO INTERACTIVE SOFTWARE, INC., DBA "ROCKSTAR"; and DOES 1 through 100, inclusive, | 1) Violations of California's False Advertising Laws, Cal.Bus. & Prof.Code §§ 17500, et seq<br>2) California's Unfair Competition Law, Cal.Bus. & Prof. Code §§ 17200, et seq. |
| Defendants. | **JURY TRIAL DEMANDED** |

///
///
///

Class Action Complaint

1

EXHIBIT A; PAGE 5

1    Plaintiff, BRUCE McMAHON, on behalf of himself and Plaintiff, CHRISTOPHER

2  BENGTSON, on behalf of himself, and all others similarly situated, based on the investigation

3  of their counsel and their personal experiences, alleges as follows:

### NATURE OF THE ACTION

5    1.    Defendant TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two

6  Interactive Software, Inc. dba "ROCKSTAR"., ("Defendant") is a software company that

7  produces video games and distributes said video games for sale in California, USA. TAKE-

8  TWO INTERACTIVE SOFTWARE, INC., and/or Take Two Interactive Software, Inc. dba

9  "ROCKSTAR" develops, manufactures, and markets a wide range of video games that are

10  played on Xbox 360 and/or PlayStation 3.

11    2.    On September 17, 2013, TAKE-TWO INTERACTIVE SOFTWARE, INC.,

12  and/or Take-Two Interactive Software, Inc. dba "ROCKSTAR" introduced the release of the

13  game "Grand Theft Auto V (Five)" ("GTA V"). The GTA V was advertised as a state-of-the-

14  art game that would provide without reservation "Online Multiplayer 2-16" and "co-op 2-16".

15  The game advertised and displayed on its product that the purchaser would experience on-line

16  interaction with others that also play the same game on the same type of system. The game

17  was to provide a great online experience for those videogame players and other persons who

18  needed, and were willing to pay a premium for it.

19    3.    On September 17, 2013, Plaintiffs, BRUCE McMAHON and CHRISTOPHER

20  BENGTSON, ("Plaintiffs") each individually and separately bought a GTA V game for

21  $59.99, exclusive of tax.

22    4.    Plaintiffs purchased the game with the intent, purpose and desire to use the

23  game for on-line play with other videogame players.

24    5.    At the time of purchase on September 17, 2013 Plaintiffs were unable to play

25  the game as an on-line experience with other videogame players. GTA V was not available for

26  on-line play as advertised. GTA V can only be played in single player mode without the ability

27  to interact with any other videogame player.

28

EXHIBIT A; PAGE 6

SOFONIO & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

1     6.    Plaintiffs would not have purchased the game, especially at the premium price,

2  had they been informed and/or known that they would not be able to play the game on-line

3  with other videogame players.

4     7.    TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive

5  Software, Inc. dba "ROCKSTAR" technical and customer support has failed to provide a

6  resolution to this problem but instead simply notifies videogame players that "On Oct. 1, 2013

7  GTA V will be launching a multiplayer component, which means gamers will be able to

8  interact with as many as 32 other online players for free."

9     8.    TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive

10  Software, Inc. dba "ROCKSTAR" technical and customer support also boast that "Online

11  gamers will be able to join crews or recruit crews with other online players. All crews will have

12  a chain of command with leaders, commissioners, lieutenants, and hired thugs. Crews can have

13  online competitions with several modes, which include Gang Wars and Team Deathmatch

14  (TDM)."

15     9.    In fact, as known to TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or

16  Take-Two Interactive Software, Inc. dba "ROCKSTAR" but not known to Plaintiff or the

17  majority of other consumers, that GTA V would not be ready for online interactive play with

18  other videogame players.  Because of the lack of ability to connect online, Plaintiff and

19  members of the proposed Class were not and are not able to play interactively with others

20  online as advertised.  Further, TAKE-TWO INTERACTIVE SOFTWARE, INC., DBA

21  "ROCKSTAR". is not able to repair or fix the problem but states that it anticipates it will be

22  available on October 1, 2013.

23     10.    Accordingly, Plaintiffs brings this case as a class action and seeks damages,

24  equitable and injunctive relief, among other things, for himself and members of the proposed

25  Class defined herein.

26                       **PARTIES**

27     11.    Venue as to Defendant is proper in this judicial district pursuant to Code of

28

Class Action Complaint

3

1  Civil Procedure section 395. TAKE-TWO INTERACTIVE SOFTWARE, INC. is a Delaware

2  Corporation. And Take-Two Interactive Software, Inc. dba "ROCKSTAR" is a business entity

3  unknown.

4        12.     TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two

5  Interactive Software, Inc. dba "ROCKSTAR" is engaged in the sales and distribution of GTA

6  V throughout the state of California. This Court has jurisdiction over Defendant because,

7  among other things, it engaged in illegal schemes and acts directed at and that had the intended

8  effect of causing injury to persons residing in, located in, or doing business in this Judicial

9  District and throughout the state of California. The unlawful acts alleged herein have a direct

10  effect on Plaintiff and those similarly situated within the State of California. Defendant is

11  within the jurisdiction of this Court for service of process purposes.

12  **A. Plaintiffs**

13        13.     Plaintiff BRUCE McMAHON is a resident of the County of Riverside,

14  California. On September 17, 2013, Plaintiff purchased his GTA V videogame from a Game

15  Stop store located in the state of California, County of Riverside. He paid $59.99 for the game

16  not including California sales tax.

17        14.     Plaintiff CHRISTOPHER BENGTSON is a resident of California. On

18  September 17, 2013, Plaintiff purchased his GTA V videogame from a Game Stop store

19  located in the state of California. He paid $59.99 for the game not including California sales

20  tax.

21        15.     Plaintiffs, and the Class they seek to represent, were all required to pay a

22  premium price for the videogame at any of multiple distribution locations throughout

23  California beginning sales on September 17, 2013 and continuing through present.

24        16.     The GTA V was advertised as a state-of-the-art game that would provide

25  without reservation "Online Multiplayer 2-16" and "co-op 2-16". The game advertised and

26  displayed on its product that the purchaser would experience on-line interaction with others

27  that also play the same game on the same type of system. The game was to provide a great

28

Class Action Complaint

4

SOFONIO & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

1  online experience for those videogame players and other persons who needed, and were willing
2  to pay a premium for it.

3  **B. Defendants**

4  17.  TAKE-TWO INTERACTIVE SOFTWARE, INC. is a Delaware Corporation
5  and/or Take-Two Interactive Software, Inc. dba "ROCKSTAR" is a business entity unknown,
6  are engaged in worldwide distribution of videogame software and more specifically,
7  throughout the state of California at numerous distribution locations.

8  18.  The true names and capacities of Defendants, whether individual, corporate,
9  associate, or otherwise, sued herein as DOES 1 through 100, inclusive, are currently unknown
10  to Plaintiffs, who therefore sues Defendants by such fictitious names under Code of Civil
11  Procedure section 474.  Plaintiffs are informed and believe, and based thereon allege that each
12  of the Defendants designated herein as a DOE is legally responsible in some manner for the
13  unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to
14  reflect the true names and capacities of the Defendants designated hereinafter as DOES when
15  such identities become known.

16  19.  Plaintiffs are informed and believe, and based thereon allege, that Defendants
17  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a
18  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each
19  Defendant are legally attributable to the other Defendants.

20  **JURISDICTION AND VENUE**

21  20.  This class action is brought pursuant to California Code of Civil Procedure
22  §382. The monetary damages and restitution sought by Plaintiff exceeds the minimum
23  jurisdiction limits of the California Superior Court and will be established according to proof at
24  trial.

25  21.  This Court has jurisdiction over this action pursuant to the California Constitution
26  Article VI §10, which grants the California Superior Court original jurisdiction in all causes except

27

28

SOFONIO & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

Class Action Complaint

5

1  those given by statute to other courts. The statutes under which this action is brought do not give

2  jurisdiction to any other court.

3      22.    This Court has jurisdiction over Defendants because, upon information and belief, each

4  Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise

5  intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by

6  the California Courts consistent with traditional notions of fair play and substantial justice. Defendants

7  have done and are doing business throughout California and Orange and Riverside Counties by

8  distributing and selling GTA V. The unlawful acts alleged herein have a direct effect on Plaintiff and

9  the other similarly situated persons whom purchased GTA V from any of the numerous retail stores that

10  distribute it here in Riverside County and throughout the state of California.

11      23.    Venue is proper in this Court because upon information and belief, one or more of the

12  Defendants reside, transact business, or have offices in this County, Plaintiff is a resident of this

13  County, and the acts or omissions alleged herein took place in this County.

14
15  ## SUBSTANTIVE ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16      24.    TAKE-TWO INTERACTIVE SOFTWARE, INC. is a Delaware Corporation,

17  and/or Take-Two Interactive Software, Inc. dba "ROCKSTAR" a business entity unknown, are

18  videogame software companies.

19
20      25.    On September 17, 2013 TAKE-TWO INTERACTIVE SOFTWARE, INC.,

21  and/or Take-Two Interactive Software, Inc. dba "ROCKSTAR" introduced Grand Theft Auto

22  V ("GTA V") for distribution at numerous locations throughout the state of California.

23      26.    The GTA V was advertised as a state-of-the-art game that would provide

24  without reservation "Online Multiplayer 2-16" and "co-op 2-16". The game advertised and

25  displayed on its product that the purchaser would experience on-line interaction with others

26  that also play the same game on the same type of system. The game was to provide a great

27
28

SOFONIO & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

Class Action Complaint

6

1  online experience for those videogame players and other persons who needed, and were willing

2  to pay a premium for it.

3      27.    TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive

4  Software, Inc. dba "ROCKSTAR" charged/charges a premium price to purchase the GTA V

5  game.

6      28.    TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive

7  Software, Inc. dba "ROCKSTAR" knew that the GTA V game would not be available for "on-

8  line" interaction at the time the game was released on September 17, 2013.

9      29.    As of the filing of this complaint, GTA V is not currently available to

10  participate in "on-line" interaction and/or play.

11      30.    TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive

12  Software, Inc. dba "ROCKSTAR" did not cause any type of notice to any of the GTA V

13  purchasers at the time of purchase that the game did not currently include "on-line" play as

14  clearly advertised on its product.

15      31.    By advertising the GTA V videogame as having "on-line" interaction and/or

16  play, TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive

17  Software, Inc. dba "ROCKSTAR" knew or should have known that consumers expected the

18  game to perform as it is advertised on the product. TAKE-TWO INTERACTIVE

19  SOFTWARE, INC., and/or Take-Two Interactive Software, Inc. dba "ROCKSTAR" failed to

20  disclose that "on-line" interaction and/or play was not currently available.

21      32.    TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive

22  Software, Inc. dba "ROCKSTAR" is not able to currently offer "on-line" interaction and/or

23  play for any of the consumers that purchased GTA V.

24      33.    Like other purchasers of GTA V, Plaintiff was deceived by TAKE-TWO

25  INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive Software, Inc. dba

26  "ROCKSTAR" representations concerning the videogame. Before purchasing GTA V Plaintiff

27  read all of the disclosures and promises made on the product case.

28

SOFONIO & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

Class Action Complaint

7

SOFONIO & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

34.   Plaintiff purchased GTA V on September 17, 2013.  Based on advertisements and guarantees made on the product regarding "on-line" interaction Plaintiff anticipated playing the game "on-line."  When Plaintiff attempted to play GTA V he was unable to connect to "on-line" interaction.  The game simply states that "on-line" interaction is unavailable.

35.   The "on-line" feature is not accessible as advertised and guaranteed by TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive Software, Inc. dba "ROCKSTAR"

36.   TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive Software, Inc. dba "ROCKSTAR" failed to provide any notice and/or warning that the "on-line" portion of the GTA V was not available.

37.   Plaintiffs purchased the GTA V videogame with the intent of playing "on-line" interaction with his friends that also owned his same system and also purchased the GTA V videogame.

38.   Plaintiffs would not have purchased the GTA V videogame on September 17, 2013 at a premium price had he been informed that the "on-line" interactive component of the game was not available.

39.   Every consumer that purchased the GTA V was and is unable to access the "on-line" interactive component of GTA V.

40.   Accordingly, Plaintiffs brings this case as a class action and seeks equitable and injunctive relief, for himself and members of the proposed Class.

**CLASS ACTION ALLEGATIONS**

41.   Plaintiffs brings this class action on behalf of themselves and all other members of a proposed plaintiff Class ("Class") initially defined as:

**"All persons who purchased the GTA V videogame in the State of California."**

42.   This action has been properly brought and may properly be maintained as a class action under California Code of Civil Procedure and case law thereunder.

Class Action Complaint

8

**Numerosity of Class**

43.    Class members are so numerous that their individual joinder is impractical. Plaintiff estimates that the Class comprises millions of members.  The precise number of Class members and their addresses are unknown to Plaintiff at this time, but can be ascertained by notifying GTA V purchasers that a claim has been made on behalf of all Class members that purchased GTA V.  Class members may be notified of the pendency of this action by published notice.

**Predominance of Common Questions of Fact and Law**

44.    Common questions of law and fact exist as to all members of the Class.  These questions predominate over the questions affecting only individual Class members.  The common legal and factual question include:

(a)    Whether TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive Software, Inc. dba "ROCKSTAR" represented that the GTA V was a state-of-the-art game that would provide without reservation "Online Multiplayer 2-16" and "co-op 2-16";

(b)    Whether TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive Software, Inc. dba "ROCKSTAR" failed to disclose or adequately disclose material information, namely, that "on-line" interactive play was not available at time of purchase;

(c)    Whether TAKE-TWO INTERACTIVE SOFTWARE, INC., and/or Take-Two Interactive Software, Inc. dba "ROCKSTAR" multiplayer "on-line" interactive was defective and/or unavailable at the time of purchase;

(d)    Whether Defendant knew or should have known that the GTA V was defective and/or unavailable;

(e)    Whether Defendant's conduct as alleged herein violates the Consumers Legal Remedies Act;

(f)    Whether Defendant's conduct as alleged herein violates the False Advertising Law;

(g)    Whether Defendant's conduct as alleged herein violates the Unfair Competition

SOFONIO & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

Class Action Complaint

9

1  Law; and

2      (h)     The nature of the relief, including equitable relief, to which Plaintiff and Class

3  members are entitled.

4                          **Typicality of Claims**

5      45.     Plaintiff's claims are typical of the claims of the Class because Plaintiff, like all

6  other Class members, bought a GTA V videogame that promised an "on-line" interactive play

7  that was not available at the time of the purchase.

8                      **Adequacy of Representation**

9      46.     Plaintiffs are adequate representatives of the Class, because their interests do not

10  conflict with the interests of the members of the Class and he has retained counsel competent

11  and experienced in complex class action.

12     47.     The interests of the Class members will be fairly and adequately protected by

13  Plaintiff and his counsel.

14                     **Superiority of a Class Action**

15     48.     A class action is superior to other available means for the fair and efficient

16  adjudication of the claims of Plaintiffs and Class members.  The damages suffered by each

17  individual Class member, while significant, are small given the burden and expense of

18  individual prosecution of the complex and extensive litigation necessitated by Defendant's

19  conduct.  Further, it would be virtually impossible for the members of the Class individually to

20  redress effectively the wrongs done to them.  And, even if the members of the Class themselves

21  could afford such individual litigation, the court system could not, given the many cases that

22  would need to be filed.

23     49.     Individualized litigation would also present a potential for inconsistent or

24  contradictory judgments.  Individualized litigation would increase the delay and expense to all

25  parties and the court system, given the complex legal and factual issues involved.  By contrast,

26  the class action device presents far fewer management difficulties and provides the benefits of

27  single adjudication, economy of scale, and comprehensive supervision by a single court.

28

SOFONIO & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

Class Action Complaint

10

EXHIBIT A; PAGE 14

1

2 ///

3 ///

4 **FIRST CAUSE OF ACTION**

5 **(For Violations of California's False Advertising Laws, Cal.Bus. & Prof.Code §§ 17500, et**

6 **seq.)**

7     50.    Plaintiffs incorporate by reference and reallege all paragraphs previously

8 alleged as if fully set forth herein and further alleges as follows.

9     51.    The conduct and actions of Defendant complained of herein constitute false

10 advertising in violation of the False Advertising Law ("FAL"). *Cal.Bus. & Prof.Code §§*

11 *17500, et seq.*

12     52.    Among other things, Defendant made representations and failed to disclose or

13 adequately disclose material information regarding its GTA V videogame that it knew, or

14 should have known, were deceptive and likely to cause reasonable consumers to buy the

15 monitors in reliance upon said representation. Defendant intended for Plaintiff an Class

16 members to rely on these representations and Plaintiff and Class members did rely on

17 Defendant's representations.

18     53.    Defendant committed such violations of the FAL with actual knowledge or

19 knowledge fairly implied on the basis of objective circumstances.

20     54.    As a result of Defendant's wrongful conduct, Plaintiff suffered injury in fact and

21 lost money or property.

22     55.    Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated,

23 seeks equitable relief in the form of an order requiring Defendant to refund Plaintiffs and Class

24 members monies paid for the defective and inactive videogame and/or to make appropriate

25 repairs to GTA V so that the consumer may play "on-line" interactive in addition to

26 compensation for the time consumer's reasonable expectations were violated.

27 **SECOND CAUSE OF ACTION**

28

Class Action Complaint

11

SOFONIO & ASSOCIATES
*A PROFESSIONAL LAW CORPORATION*

(For Violations of the California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.)

56.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged as if fully set forth herein and further alleges as follows.

57.    The conduct and actions of Defendant complained of herein constitute unlawful, unfair and/or fraudulent actions in violations of the Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code §§ 17200, et seq.

58.    Defendant's practices constitute "unlawful" business practices in violation of the UCL because, among other things, they violate the CLRA and the FAL.

59.    Defendant's actions and practices constitute "unfair" business practices in violation of the UCL, because, among other things, they are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and/or any utility of such practices is outweighed by the harm caused consumers. Defendant's actions violate the legislative policy of protecting consumers and preventing persons from advertising defective products and not adequately disclosing those defects. Defendant's practices caused substantial injury to Plaintiff and Class members, are not outweighed by any benefits, and Plaintiff and Class members could not have reasonably avoided this injury.

60.    Defendant's actions and practices constitute "fraudulent" business practices in violation of the UCL because, among other things, they have a capacity and tendency to deceive members of the public. Defendant intended for Plaintiff and Class members to rely on its representation and Plaintiff did rely on Defendant 's representations.

61.    Defendant's affirmative representations as alleged herein imposed on Defendant the duty to disclose the defect an inactivity of the GTA V videogame because consumers were likely to be deceived regarding the actual capabilities of the videogame at time of purchase.

62.    As a result of Defendant's wrongful conduct as alleged herein, Plaintiff has suffered injury in fact and has lost money or property. Plaintiff and Class members were all induced to pay a premium price for a videogame that did not perform as represented.

Class Action Complaint

12

SOFONIO & ASSOCIATES

A PROFESSIONAL LAW CORPORATION

63.    Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seeks equitable relief in the form of an order requiring Defendant to refund Plaintiff and Class members monies paid for the defective and inactive "on-line" play of the videogame and/or to make appropriate repairs to GTA V so that the consumer may play "on-line" interactive in addition to compensation for the time consumer's reasonable expectations were violated.

## PRAYER

WHEREFORE, Plaintiffs, on behalf of themselves and Class members, prays for relief as follows:

- That the Court determine this action may be maintained as a class action, that Plaintiff be appointed Class representative, and that Plaintiff's counsel be appointed as counsel for the Class;

- For an order requiring Defendant to refund Plaintiff and Class members monies paid for the defective and inactive "on-line" play of the videogame and/or to make appropriate repairs to GTA V so that the consumer may play "on-line" interactive in addition to compensation for the time consumer's reasonable expectations were violated.

- For an order prohibiting Defendant from engaging in the alleged misconduct described herein;

For damages according to proof;

- For an award of the costs of suit incurred herein, including expert witness fees;

- For an award of interest, including prejudgment interest, at the legal rate; and

- For such other and further relief as this Court deems just and proper.

///

///

SOFONIO & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Rex Sofonio, Esq. 190671<br>Sofonio & Associates, Inc.<br>2030 Main Street, Suite 1300<br>Irvine, CA 92614-7220<br>TELEPHONE NO.: (949) 260-9191  FAX NO.: (949) 260-9192<br>ATTORNEY FOR *(Name)*: BRUCE McMAHON; CHRIS COLES | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Branch

CASE NAME: McMAHON v. TAKE-TWO

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: RIC 1311350 |
|---|---|---|---|
| ☒ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☒ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☒ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 2
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/3/2013

REX P. SOFONIO, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BRUCE MCMAHON

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

ESSENTIAL FORMS™

BRUCE MCMAHON

EXHIBIT A; PAGE 19

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT, AND LAW AND
MOTION PURPOSES, AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

MCMAHON VS. TAKE-TWO INTERACTIVE SOFTWARE INC

CASE NO. RIC 1311350

This case is assigned to the Honorable Judge Gloria Connor Trask
in Department 03 for case management and law and motion
purposes.

The Case Management Conference is scheduled for 12/04/13
at  8:30 in Department 03.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(a)(2) shall be
filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council
form MC-410 no fewer than five court days before the hearing.  See
CA Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 10/04/13                Court Executive Officer/Clerk

                          By: _____
                               RHIANNEN K ALESSANDRO, Deputy Clerk

ac:cmccc

EXHIBIT A; PAGE 20

1                              **<u>PROOF OF SERVICE</u>**

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        At the time of service, I was over 18 years of age and **not a party to this**

4 **action**. I am employed in the County of Los Angeles, State of California. My

5 business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los

6 Angeles, California 90067-4008.

7        On November 6, 2013, I served true copies of the following document(s)

8 described as **DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC.**

9 **AND ROCKSTAR GAMES, INC.'S NOTICE OF REMOVAL** on the interested

10 parties in this action as follows:

11

12 Rex Sofonio                          James R. Hawkins
     Sofonio & Associates APLC         James Hawkins APLC

13 2030 Main Street, Suite 1300        9880 Research Drive, Suite 200
     Irvine, CA 92618                   Irvine, CA 92618

14

15 *Attorney for Plaintiffs*              *Attorney for Plaintiffs*

16

17      **BY FEDEX:** I enclosed said document(s) in an envelope or package

provided by FedEx and addressed to the persons at the addresses listed in the

18 Service List. I placed the envelope or package for collection and overnight delivery

19 at an office or a regularly utilized drop box of FedEx or delivered such document(s)

20 to a courier or driver authorized by FedEx to receive documents.

21      I declare that I am employed in the office of a member of the bar of this court

22 at whose direction the service was made.

23      I declare under penalty of perjury under the laws of the State of California

24 that the foregoing is true and correct.

25      Executed on November 6, 2013, at Los Angeles, California.

26

27                               Lisa Figueroa

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Virginia A. Phillips_____ and the assigned Magistrate Judge is _____Sheri Pym_____ .

The case number on all documents filed with the Court should read as follows:

### EDCV13-02032 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____November 6, 2013_____
Date

By   L. Murray _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| ☐ Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | ☐ Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | ☒ Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

BRUCE MCMAHON, on behalf of himself; CHRISTOPHER BENGSTON, on behalf of himself; and all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

TAKE-TWO INTERACTIVE SOFTWARE, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC., DBA "ROCKSTAR"; and DOES 1 through 100, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Rex Sofonio; Sofonio & Associates APLC; 2030 Main St., Suite 1300; Irvine, CA 92618 (949) 260-9191
James R. Hawkins; James Hawkins APLC; 9880 Research Dr., Suite 200; Irvine, CA 92618; (949) 387-7200

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Keri E. Borders; Kelley Drye & Warren LLP; 10100 Santa Monica Blvd., 23rd Fl., Los Angeles, CA 90067 (310) 712-6100
Michael C. Lynch (Pro Hac Vice pending; Kelley Drye & Warren LLP; 101 Park Ave., New York, NY 20038 (212) 808-7800

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ exceeds $5 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332(d) and 1453: (1) this case is a class action under California Business & Professions Code Sections 17200 and 17500, (2) plaintiffs and putative class members are citizens of a state different from defendant, and (3) the matter in controversy exceeds $5 million.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **TORTS** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY:**    Case Number:    ED  CV  13  -  02032  VAP  SPx

NOV – 6 2013

CV-71 (09/13)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes    [ ] No | [ ] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [X] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes    [X] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [X] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |

**C.1. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

[X] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Eastern Division |

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   Keri E. Borders    DATE: November 6, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act; as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067-4008.

On November 6, 2013, I served true copies of the following document(s) described as **CIVIL COVER SHEET** on the interested parties in this action as follows:

Rex Sofonio                                   James R. Hawkins
Sofonio & Associates APLC          James Hawkins APLC
2030 Main Street, Suite 1300        9880 Research Drive, Suite 200
Irvine, CA 92618                            Irvine, CA 92618

*Attorney for Plaintiffs*                  *Attorney for Plaintiffs*

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 6, 2013, at Los Angeles, California.

Lisa Figueroa